The Honorable David Beatty State Representative P.O. Box 649 Lewisville, Arkansas 71845-0640
Dear Representative Beatty:
This official Attorney General opinion is rendered in response to two questions you have raised concerning Act 1080 of 1997, which created the Arkansas Deaf and Hearing Impaired Telecommunications Services Corporation (ADHITS Corp.)
You have asked:
 (1) Is the ADHITS Corp. a "state agency" that is subject to A.C.A. § 25-16-702(a) and (b), A.C.A. § 19-4-1710, and the Administrative Procedure Act?
 (2) If a telephone company ceases to make contributions to the Arkansas Intralata Toll Pool (AITP) in February, 1997, and the AITP ceases to exist in September, 1997, is that telephone company required by Act 1080 of 1997 to pay 1% of the amount that would have been contributed to the AITP, even though the AITP was not in existence for ten months after the company ceased making contributions?
RESPONSE
Question 1 — Is the ADHITS Corp. a "state agency" that is subject toA.C.A. § 25-16-702(a) and (b), A.C.A. § 19-4-1710, and the AdministrativeProcedure Act?
I must note initially that the issue of whether the ADHITS Corp. is a "state agency" is one that can only be conclusively resolved by a court, which will likely consider the various attributes of the organization, within the applicable statutory context. The Arkansas courts have not yet had opportunity to render a decision that would resolve the issue.
Pending such a judicial resolution of this question, it is my opinion that the ADHITS Corp. is a "state agency," and is therefore subject to the provisions of A.C.A. § 25-16-702(a) and (b),[1] A.C.A. § 19-4-1710,[2] and the Administrative Procedure Act.[3]
Although the Arkansas Supreme Court has never interpreted the above-cited statutes in terms of which bodies are subject to their provisions, the contexts of these statutes and the stated definitions of the terms "agency" and "state agency" in two of them appear to indicate that for their purposes, a "state agency" is a body that is characterized by having been created by state law and by being subject to a considerable degree of state oversight.
The ADHITS Corp., in my opinion, possesses these characteristics. It was created by state law (Act 1080 of 1997) and the members of its board are appointed by the governor (Act 1080, §§ 2 and 3). Moreover, the ADHITS Corp. is required to be audited annually and to file a copy of the audit with the Legislative Joint Auditing Committee and the Public Service Commission. Act 1080, § 7. It is also required to make an annual report of its activities to the Legislative Council, the Governor, and the Public Service Commission. Act 1080, § 10. In addition, in purchasing telecommunications services, the ADHITS Corp. is required to employ competitive bidding procedures that are substantially similar to the state purchasing laws. Act 1080, § 9.
These characterisitcs appear to draw the ADHITS Corp. into the purview of A.C.A. § 25-16-702(a) and (b), A.C.A. § 19-4-1710, and the Administrative Procedure Act.
I therefore conclude that the ADHITS Corp. is a state agency and is subject to the provisions of A.C.A. § 25-16-702(a) and (b), A.C.A. § 19-4-1710, and the Administrative Procedure Act.
I reiterate, however, that this issue is one that can only be conclusively resolved by a court.
Question 2 — If a telephone company ceases to make contributions to theArkansas Intralata Toll Pool (AITP) in February, 1997, and the AITPceases to exist in September, 1997, is that telephone company required byAct 1080 of 1997 to pay 1% of the amount that would have been contributedto the AITP, even though the AITP was not in existence for ten monthsafter the company ceased making contributions?
In answering this question, I must note initially that you have only inquired about contributions that were being made by a telephone company to the AITP, and have not mentioned contributions being made to the AICCLP. For this reason, my answer is limited to addressing contributions that were being made to the AITP. It is my understanding that the AICCLP, unlike the AITP, continues to exist. I have not been informed of the facts in connection with the company's contributions to the AICCLP, and therefore cannot address the company's obligations under Section 11 of Act 1080 in connection with such AICCLP contributions.
Assuming that the telephone company in question is one that is governed by Section 11 of Act 1080 of 1997, it is my opinion that the company would be required to pay the 1% that it would have contributed to the AITP for the months from February, 1997 through September, 1997, but would not be required to pay that amount for any month after September, 1997.
This issue is governed by the provisions of Section 11 ofAct 1080 of 1997, which states:
 SECTION 11. (a) The provisions of This section apply only to telecommunications corporations with fewer than ten thousand (10,000) access lines which have elected to become a Section 12 company pursuant to Act 77 of 1997.
 (b) All such telecommunications companies currently making contributions which affect the Arkansas Intrastate Carrier Common Line Pool (AICCLP) and/or the Arkansas Intralata Toll Pool due to prior review shall not be required to continue making such contributions effective upon the company's election as a section 12 company, pursuant to Act 77 of 1997. Provided if the company discontinues making contributions to the Arkansas Intrastate Carrier Common Line Pool (AICCLP) and/or the Arkansas Intralata Toll Pool, one percent (1%) of contributions that would have been made to the Arkansas Intrastate Carrier Common Line Pool (AICCLP) and/or the Arkansas Intralata Toll Pool for ten (10) months will be paid for start-up costs to the cooperation provided for in this act.
Acts 1997, No. 1080, § 11.
Act 1080 does not address the effect that the discontinued existence of the AITP or the AICCLP would have upon its provisions. Nevertheless, the Act's failure to address this issue does not, in my opinion, create an ambiguity in the language of the Act. The language of Section 11 must therefore be interpreted just as it reads. Leathers v. Cotton,
___ Ark. ___, ___ S.W.2d ___, (Ark.S.Ct. Case No. 97-619). Under the plain language of Section 11, companies are required to pay 1% of the amount that they "would have" contributed to the AITP. But for its election of Section 12 status in February, 1997, the company in question "would have" contributed to the AITP until the AITP ceased to exist in September, 1997. The company would not have contributed to the AITP after it ceased to exist. I therefore conclude that under a straightforward reading of Section 11, the company in question would be required to pay the 1% amount for the months from February, 1997, through September, 1997, and that it would not be required to pay that amount for any month after September, 1997.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The provisions of A.C.A. § 25-16-702 require that the Attorney General provide legal representation for all state officials, departments, institutions, and agencies. The term "state agencies" is not defined for purposes of this statute.
[2] A.C.A. § 19-4-1710 is a part of a group of statutes that govern the accounting and budgetary procedures of state agencies. The provisions of A.C.A. § 19-4-1710 require that contracts entered into by state agencies for professional or consultant services be submitted to the Department of Finance and Administration, the Joint Budget Committee, and the Legislative Council for approval. The term "state agency," as used in this group of statutes is defined as "all departments, agencies, boards, commissions, and institutions of higher education of the State of Arkansas. . . ."
[3] The Administrative Procedure Act [A.C.A. § 25-15-201 et seq.] sets forth various procedures that must be followed by state agencies, and defines the term "agency," as used therein, as follows:
 "Agency" means each board, commission, department, officer, or other authority of the government of the State of Arkansas, whether or not within, or subject to review by, another agency, except the General Assembly, the courts, and Governor. . . .
A.C.A. § 25-15-202(1).